Marilyn ABOUSSIE, a Minor, by Next Friend, Kenneth Spell, Jr., Appellant,

v.

Eddie J. ABOUSSIE, Appellee.

No. 15524.

Court of Civil Appeals of Texas.

Fort Worth.

June 18, 1954.

Rehearing Denied Sept. 10, 1954.

Philip S. Kouri, Tom D. Glazner, Jack G. Banner, Wichita Falls, for appellant.

Carrington, Gowan, Johnson & Walker, W. C. Gowan, Dallas, for appellee.

RENFRO, Justice.

Suit was brought by Marilyn Aboussie, a 2½ year old minor child, by next friend, Kenneth Spell, Jr., against Eddie J. Aboussie, Mitchell Aboussie, and Josephine Aboussie, individually and d/b/a The Linen and Lingerie Chest. While the mother of the child was a customer in the store, the child, who was accompanying her, injured her hand in an electric fan which had been placed on the floor by one of the partners. The case was tried before a jury, which found the defendants were negligent in placing a fan on the floor of the store, in failing to warn of the presence of the fan, in failing to have an adequate guard around the fan, and, further, that the fan was an attractive nuisance.

Eddie Aboussie is the father of Marilyn Aboussie. Josephine Aboussie managed the partnership store. Defendant Eddie Aboussie filed a motion for judgment non obstante on the ground that a child cannot maintain an action in tort against its father. The motion was granted and judgment so entered.

The appellant, the infant child, has appealed on the ground that a minor is not as a matter of law barred from maintaining an action against a partnership operating a business solely because the child's father is one of the partners.

It is undisputed that the three named defendants were partners, that the fan was placed on the floor by Mitchell Aboussie, and that Eddie Aboussie, appellee herein, was not present.

Appellant cites and relies on Dunlap v. Dunlap, 84 N.H. 352, 150 A. 905, 71 A.L.R. 1055; Worrell v. Worrell, 174 Va. 11, 4 S.E.2d 343; Lusk v. Lusk, 113 W.Va. 17, 166 S.E. 538; Signs v. Signs, 156 Ohio St. 566, 103 N.E.2d 743; Borst v. Borst, 41 Wash.2d 642, 251 P.2d 149. The fact situations in the first three cases are so different from those in the instant case the rules announced therein have no application here. In the Dunlap case it was held that action was maintainable where the master and servant relation was assumed and the parent intended, as by taking out liability insurance, to release his child from any inability to sue for injuries received in the employment through negligence of the parent as employer. In the Worrell case the father operated a bus as a common carrier. It was held that a carrier and passenger relationship was assumed between the parent and child.

The Lusk case was one of liability of a parent as operator of a school bus in respect of which he carried insurance, and operated under a contract with the school board, obligating himself to maintain a safe conveyance for all students.

The Signs case and the Borst case do, however, sustain the appellant's position; the Signs case holding that if there was ever any justification for the rule announced in the Hewlett case, hereinafter discussed, the justification has now disappeared and an unemancipated child should have a right to maintain an action in tort against his parent in the latter's business or vocational capacities. These cases represent the minority rule.

The leading case, and the one most often cited, concerning the right of an unemancipated minor child to sue a parent in a tort action is Hewellette v. George, 68 Miss. 703, 9 So. 885, 887, 13 L.R.A. 682, decided by the Supreme Court of Mississippi in 1891. In that case a minor daughter had sued her mother for damages for placing her in an insane asylum. The court held: "* * * no such action as this can be maintained. The peace of society, and of the families composing society, and a sound public policy, designed to subserve the repose of families and the best interests of society, forbid to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent. The state, through its criminal laws, will give the minor child protection from parental violence and wrong-doing, and this is all the child can be heard to demand. * * *"

As said in 19 A.L.R.2d 425, the above case has become the foundation of a long line of American authorities and most of the courts of this country have followed it.

The rule as stated in 67 C.J.S., Parent and Child, § 61, p. 787, is: "Generally speaking, an unemancipated minor child has no right of action against a parent or a person standing in loco parentis for the tort of such parent or person unless a right of action is authorized by statute, * * *." The text recognizes that some states have allowed recovery where the parent carries liability insurance and where there is the added relation between parent and child of carrier and passenger or of master and servant. 39 Am.Jur., p. 734, notes that although there is a tendency to the contrary in some of the modern decisions, it is still the general rule that tort actions for injuries are not maintainable between a parent and child.

According to 20 R.C.L., p. 631, it is well established that a minor child cannot sue his parent for a tort.

In 31 Tex.Jur., p. 1281, sec. 6, it is stated: "The relationship of parent and child precludes the maintenance of an action by the child against the parent for a personal tort. This rule is founded upon a sound public policy—upon the interest that society has in preserving harmony in the domestic relations. * * *"

In 1948, the Eastland Court of Civil Appeals in Garza v. Garza, 209 S.W.2d 1012, 1015, had before it the question of whether or not children whose father had deserted them had a cause of action against the father for loss of his society, love, companionship and guidance. In the course of the opinion the court said, citing 20 R.C.L., p. 631: " 'It is well established that a minor child cannot sue his parent for a tort. The peace of society, and of the families composing society, and a sound public policy, designed to subserve the repose of families and the best interest of society, forbid to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent.' " The court then concluded: "Although the plaintiffs are not suing for personal injuries, certainly if they could not recover for tort committed against them by their father, they could not recover for the loss of his society, etc. * * *"

An abundance of cases may be found in other jurisdictions. We cite a few as typical of cases following the majority rule.

In Taubert v. Taubert, 103 Minn. 247, 114 N.W. 763, the Supreme Court of Minnesota announced the general rule to be that

a minor cannot sue his parent for a tort, but if he has been emancipated he can.

The Supreme Court of North Carolina in Small v. Morrison, 185 N.C. 577, 118 S.E. 12, 13, 31 A.L.R. 1135, cited with approval 29 Cyc. 1663, wherein it was said: " 'Actions by children against their parents are not to be encouraged unless to redress clear and palpable injustice, and a minor child has no right of action against the parent for the tort of the latter.' " The court further said: " * * * From the very beginning, the family in its integrity has been the foundation of American institutions, and we are not now disposed to depart from this basic principle. * * * Hence, in a democracy or a polity like ours, the government of a well-ordered home is one of the surest bulwarks against the forces that make for social disorder and civic decay. * * *"

In Belleson v. Skilbeck, 185 Minn. 537, 242 N.W. 1, 2, the appeal posed the question of whether Belleson, father of the plaintiff, was liable in damages for negligence causing injury to his child, the child being about eight years of age and not emancipated. The Supreme Court of Minnesota, citing many authorities, held a minor child not emancipated cannot sue his parent for negligence. The court concluded: "There are cases to the contrary, some of them well-reasoned and persuasive, others based on statutes of the particular states. But the rule has been followed as the law of this and other states for so long a time that we do not feel justified in departing from it."

In Sorrentino v. Sorrentino, 248 N.Y. 626, 162 N.E. 551, the court of appeals of New York held that an action for personal injuries resulting from negligence may not be maintained against a parent by an unemancipated minor child.

In Cowgill v. Boock, 189 Or. 282, 218 P. 2d 445, 450, 19 A.L.R.2d 405, the Supreme Court of Oregon found as a fact that the father was guilty of wilful misconduct, stating: " * * * We are concerned here with a case involving more than ordinary

or gross negligence. It is one of wilful misconduct of the father whose wrongful act resulted in the untimely death of his young son. * * *" Recovery was allowed, the court holding: "After a careful consideration of the authorities, we think the general rule—so well established by the authorities—should be modified to allow an unemancipated minor child to maintain an action for damages against his parent for a wilful or malicious personal tort. The evidence in the instant action certainly shows that the decedent-father was guilty of wilful misconduct. *Ordinary negligence or the doing of an unintentional wrong can not be the basis for such an action.*" (Emphasis ours.)

We think the rule announced in the foregoing case is a sound and just one. In the instant case there is no pleading or evidence of wilful, malicious, wanton or intentional wrongdoing on the part of appellee. The most that can be said is that one of appellee's partners was guilty of ordinary negligence. There is no evidence that the father of appellant is unwilling to provide for her. On the contrary, it is affirmatively shown by the record that the father has commendably gone to great expense to provide the best obtainable medical care for his child and as a result of such services the permanent injury to the child's hand will be less severe than ordinarily might be expected.

We believe that the peace and tranquility of the home and the best interest of minor children will be subserved by following the general rule that an unemancipated minor child cannot sue its parent for damages based on acts of ordinary negligence.

We reject the appellant's contention that she was entitled to bring the suit in the nature of a business-customer relationship.

A partnership is not a legal entity. The law recognizes no personality in a partnership other than that of the partners who compose it. McFaddin, Wiess & Kyle Land Co. v. Texas Rice Land Co., Tex.Civ. App., 253 S.W. 916, affirmed Tex.Com.App.,

640

.265 S.W. 888; Allison v. Campbell, 117 Tex. 277, 1 S.W.2d 866.

■ The minor unemancipated child is suing her father. Even though he is in partnership with his brother and sister, the suit is necessarily against him as an individual. Minor daughter is arrayed in court against father. There are God-given ties of love, loyalty and devotion between parents and children that do not exist between the children and other people. We do not think these ties should be cut asunder or endangered by permitting a minor unemancipated child to sue its parent for damages based on ordinary, unintentional negligence.

The non obstante judgment of the trial court is affirmed.