## MATHEWS v WOSEK

1. PLEADING—PARTNERSHIP—TORT LIABILITY—FELLOW SERVANTS.

Allegations that plaintiff was a passenger in a truck owned by defendant delivery service, that the delivery service was a partnership, that the defendant driver and his wife were the partners, that the plaintiff was injured because of defendant driver's negligence in operating the vehicle, that the defendant partnership was the true owner of the vehicle in which plaintiff was injured, and that the partnership was liable under the civil liability act and under the principles of partnership law, stated a claim upon which relief could be granted notwithstanding the fact that the defendant driver and the plaintiff were fellow servants and thereby the driver had a personal immunity under the Workmen's Compensation Act; therefore, a summary judgment for defendants was reversible error because the problems of proof are matters to be resolved after a full hearing on the merits, not summarily (MCLA 257.37, 257.401).

2. TORTS—LIABILITY—IMMUNITY—STRICT CONSTRUCTION.

An immunity from liability should be given a strict construction in an instance where the immunity arises out of a particular relationship between the litigants or some of them; persons frequently act concurrently in more than one role and, where litigants are related in a manner which is consistent with the imposition of liability, there is no compelling reason to prefer the relationship which bars recovery.

3. PARTNERSHIP—ENTITY—LIABILITY.

The tendency of the law of partnership has been to emphasize to a greater extent than at earlier stages of the law's development the entity aspects of a partnership and it would be a step backward to hold that an action against a partnership—an action seeking to reach partnership assets—cannot be main-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 60 Am Jur 2d, Partnership §§ 162, 165.

[2] 60 Am Jur 2d, Partnership §§ 164, 166.

[4] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 570, 572, 695.

[5] 60 Am Jur 2d, Partnership §§ 88–91.

tained because a partnership may also be viewed as an aggregation of individuals.

4. PARTNERSHIP—AUTOMOBILES—OWNERSHIP—CIVIL LIABILITY ACT.

The statutory definitions of "owner" in the civil liability act are not mutually exclusive; the definition of owner as any person or specified organization renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period greater than 30 days was designed to expand rather than to limit liability—to prevent the avoidance of the statutory policy by the device of a long-term lease, not to eliminate the liability of the owner-lessor (MCLA 257.37[a][b]).

5. PARTNERSHIP—AUTOMOBILES—OWNERSHIP—TITLE.

Partnership property may be held, and frequently is held, in the name of one or more partners and, whether particular property is partnership property or is the property of an individual partner is a question to be decided by the trier of fact.

Appeal from Wayne, Blair Moody, Jr., J. Submitted Division 1 May 8, 1972, at Detroit. (Docket No. 12080.) Decided February 21, 1973.

Complaint by William T. Mathews and Virginia T. Mathews against Kathleen Wosek and Richard J. Wosek for negligence in a collision of an automobile with a train. Summary judgment for defendants. Plaintiffs appeal. Reversed and remanded for trial.

*Kozlow, Jasmer & Woll,* for plaintiffs.

*Alexander, Buchanan & Seavitt* (by *James S. Goulding*), for defendants.

Before: DANHOF, P. J., and LEVIN and BORRADAILE,* JJ.

LEVIN, J. The principal question is whether a partnership is immunized from liability for a tort

* Former circuit judge and now probate judge, sitting on the Court of Appeals by assignment.

committed by a partner personally immune from liability because he and the injured person were fellow servants.

The trial court directed a verdict in favor of the defendants on the day scheduled for trial. The plaintiffs appeal.

A motion for directed verdict is properly made at the close of the opposing party's evidence.[1] In this case a verdict was directed before the commencement of trial. We, therefore, treat the trial court's action, for purposes of review, as a grant of summary judgment for failure to state a claim upon which relief can be granted. GCR 1963, 117.2(1).

Plaintiff William T. Mathews was riding as a passenger in an automobile when it was struck by a railroad train. Mr. Mathews and his wife, the other plaintiff, claim that the automobile was owned by defendant Wosek Delivery Service, that Wosek Delivery Service is a partnership, and that the defendants Richard J. Wosek and Kathleen Wosek were the partners.

Defendant Richard Wosek was driving the automobile in which William Mathews was riding. Both men were employed as deliverymen by Love Brothers, Inc. The collision occurred while they were in the course of their employment.

Richard Wosek, like a number of Love employees, held at least nominal ownership of a truck which was "leased" to Love in return for a percentage of the truck's revenue. Title to the truck was held in the name of Richard Wosek. The lease

---

[1] *See* GCR 1963, 515.1; 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 526. The authors note that a motion for directed verdict may also be made following the opening statement of opposing counsel. There is no indication that this limited and disfavored ground was the basis for the lower court's decision in this case. *Cf. Ambrose v Detroit Edison Co.* 380 Mich 445 (1968).

revenue was deposited in a bank account in the name of Wosek Delivery Service. Richard Wosek and his wife, Kathleen, had filed an assumed name certificate for the name Wosek Delivery Service.

The Mathews allege that the negligence of Richard Wosek was the cause of the collision and resulting injuries. They acknowledge that under the Workmen's Compensation Act the fellow-servant rule bars an action against Richard Wosek.[2]

The Mathews seek to maintain this action against Wosek Delivery Service as an alleged partnership. They contend that the partnership was the true owner of the truck in which William Mathews was injured, and that the partnership is subject to liability under the civil liability act;[3] they also contend that the partnership is liable under principles of partnership law. The issue before this Court is whether these allegations state a claim upon which relief can be granted.

We hold that they do. Accepting, for the purposes of this appeal only, that there was indeed a partnership and that Richard Wosek negligently, while engaged in the business of the partnership, injured William Mathews, a claim has been stated against the partnership on which relief can be granted notwithstanding the personal immunity of Richard Wosek under the Workmen's Compensation Act.

## I.

Section 13 of the Uniform Partnership Act reads:

"Sec. 13. (Partnership bound by partner's wrongful

[2] MCLA 413.15; MSA 17.189. See *Sergeant v Kennedy,* 352 Mich 494 (1958).

[3] MCLA 257.401; MSA 9.2101.

act). Where, by any wrongful act or omission of any partner acting in the ordinary course of the business or the partnership, or with the authority of his copartners, loss or injury is caused to any person not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor *to the same extent as the partner* so acting or omitting to act." (Emphasis supplied.) MCLA 449.13; MSA 20.13.

In *Caplan v Caplan,* 268 NY 445; 198 NE 23; 101 ALR 1223 (1935), a wife, injured in an automobile collision caused by her husband's negligence, commenced an action against a partnership of which her husband was a member. The collision had occurred while her husband was driving on partnership business. The New York Court of Appeals ruled that the interspousal immunity of the husband also immunized the partnership from liability.

The reasoning of the New York Court focused on the nature of a partnership. The Court declared that a partnership is not a "separate entity." It stressed that the mutual liability of the partners resulted from agreement. The Court reasoned that when a tortfeasor partner is free of personal liability, and thus liability could not be truly mutual in fact, it would be anomalous to hold the other partners liable.[4]

Professor Bromberg, in his recent treatise on the law of partnership, argues that the phrase "to the same extent as the partner so acting or omitting to act" is not a limitation but "an affirmative statement of liability to make compensation". He points to § 4(3) of the Uniform Partnership Act, MCLA 449.4(3); MSA 20.4(3), "The law of agency shall apply under this act"; and the Restatement

---

[4] Similarly, *see David v David,* 161 Md 532; 157 A 755; 81 ALR 1100 (1932).

Agency, 2d, § 217(b), p 469, "The principal has no defense because of the fact that * * * (ii) the agent had an immunity from civil liability as to the act". Crane and Bromberg, Partnership, § 54, pp 316–317.

In *Eule v Eule Motor Sales,* 34 NJ 537; 170 A2d 241 (1961), the New Jersey Supreme Court, in an opinion described by Bromberg as "realistic" *(op cit,* p 317), ruled, on facts similar to those in the New York case of *Caplan v Caplan, supra,* that a partnership was subject to liability. The statutory language was dismissed by the New Jersey Court (pp 542–543) with the comment that, "it is difficult to believe the draftsman had in mind the special situation before us and intended to give the partnership or the copartner the personal immunity of the spouse".

The policy analysis employed by the New Jersey Court was significantly different from that of the New York Court.

Starting from the premise that the immunity of an agent would not save a *corporation* from liability (a premise with which the New York Court also began), the New Jersey Court was unable to find any distinction "of practical significance" between these two classes of enterprise organization.

The New Jersey Court viewed the partnership as an entity in itself, not merely the aggregate of the various partners. The plaintiff in the New Jersey case sought to hold the partnership as an entity, not the individual partners: "The action is against the partnership as such, and a judgment for plaintiff accordingly would bind the partnership assets and not the partners individually." (34 NJ 539)

The New Jersey Court declared (34 NJ 543) that the tortfeasor partner's obligation "to contribute if partnership assets should be insufficient to meet

partnership liabilities" is not a bar to the imposition of liability against the partnership because (p 543) "[p]artners contemplate liability for negligent operation of their vehicles, and either expect to share it or to provide against it by insurance. Surely partners do not contemplate a different approach with respect to injuries to the spouse of one of them merely because the agency of the hurt happens to be the husband rather than some other partnership representative. In terms of what men expect, the wife's claim is no different from any other."[5]

In saying that a partnership is liable "to the same extent as the partner," the draftsmen of the Uniform Partnership Act may have either intended to limit liability or, as Professor Bromberg believes, have intended affirmatively to state the common-law obligation to make compensation. Either interpretation would be consistent with the language employed.

The question presented is not free of doubt. We must choose one of two arguably sound positions. We choose the result reached by the New Jersey Supreme Court. An immunity from liability should be given a strict construction. *Cf. Dale v Whiteman,* 388 Mich 698 (1972).[6] In many instances, including the one presently before us, the immunity arises out of a particular relationship between the litigants or some of them. Persons frequently act concurrently in more than one role. Where litigants have a dual relationship, one of which is consistent with the imposition of liability, we see

[5] Similarly, *see Cody v J A Dodds & Sons,* 252 Iowa 1394; 110 NW2d 255 (1961).

[6] In the cited case, the Michigan Supreme Court ruled that, despite the immunity of an employer from suit by an employee entitled to workmen's compensation benefits, an employee injured by the driving of a fellow servant may sue the owner of the vehicle and the owner can seek indemnification from the employer.

no compelling reason to prefer the relationship which bars recovery.

The tendency of the law of partnership has been to emphasize to a greater extent than at earlier stages of the law's development the entity aspects of a partnership. See Crane and Bromberg, Law of Partnership, § 3, pp 16–29. This may explain, at least in part, the difference in the approaches of the New York Court in 1935 and the New Jersey Court in 1961. It would be a step backward to hold that an action against a partnership—an action seeking to reach partnership assets—cannot be maintained because a partnership may also be viewed as an aggregation of individuals.

We agree with the New Jersey Court that insofar as assessment of tort liability is concerned there is no reasonable basis for distinguishing between the enterprise liability of a corporation and a partnership. This does not necessarily mean that if partnership assets are insufficient the tortfeasor partner, or indeed other partners, are personally liable for the excess—that is a separate question which we need not now decide.

## II.

The claimed statutory basis of liability requires further discussion. The Mathews claim that the partnership is liable under the civil liability act, MCLA 257.401; MSA 9.2101:

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such operation as the rules of the common law requires."

The issue is whether the partnership was the

owner of the truck within the meaning of this act. Two questions arise, both concerned with the statutory definition of "owner".

" 'Owner' means: (a) Any person, firm, association or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period of greater than 30 days.

"(b) A person who holds the legal title of a vehicle." MCLA 257.37; MSA 9.1837.

Wosek Delivery Service claims, first, that subsections (a) and (b), *supra,* are mutually exclusive, and that, therefore, Love Brothers, admittedly a lessee within subsection (a), is the sole "owner." There is, however, nothing in the act to indicate that these subsections are mutually exclusive. They are not phrased in the alternative. We think that subsection (a) was designed to expand rather than limit liability—to prevent the avoidance of the statutory policy by the device of a long-term lease, not to eliminate the liability of the owner-lessor.

Wosek Delivery Service argues further that, in all events, title to the vehicle was held in the name of Richard Wosek rather than in the name of the claimed partnership. However, partnership property may be held, and frequently is held, in the name of one or more partners.[7] Whether par-

---

[7] "If the property is a kind which has a record title (such as real estate, motor vehicles or stock certificates) or is carried in a given name (like a checking or savings account), there is a presumption of some vigor that the named owner is the beneficial owner. However, the presumption is not symmetrical. Record title in the firm is much more indicative of firm ownership than is individual title of individual ownership. The explanation for the lopsided presumption is easy. Title would rarely be placed in the partnership unless the ownership were intended to be there too. But title is often taken in individual names when ownership by the firm is intended, in anticipation of real or imagined difficulties in later transferring good title to a buyer." Crane and Bromberg, Partnership, § 37, p 209.

ticular property is partnership property or is the property of an individual partner is a question to be decided by the trier of fact.

Although there are problems of proof standing between the Mathews and recovery, those are matters to be resolved after a full hearing on the merits, not summarily.

Reversed and remanded for trial. Costs to plaintiffs.

All concurred.