WAYNE-OAKLAND BANK v ADAM'S RIB

1. TORTS—PARTNERSHIP—PARENTAL IMMUNITY.

   Persons frequently act concurrently in more than one role and, where litigants have a dual relationship, one of which is consistent with the imposition of liability, there is no apparent compelling reason to prefer the relationship which bars recovery; therefore, in an action by the guardian of a minor against a partnership for damages for tortious injury the liability of the partnership is not avoided by a claim of parental immunity where the negligent partner causing the injury is the father of the minor; personal immunity of a parent, if established, is not a shield for the partnership entity.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—TRIAL—INSTRUCTIONS TO JURY—HARMLESS ERROR.

   An instruction to the jury on contributory negligence in a negligence action in which the defendant neither raised the issue of contributory fault nor requested an instruction on the issue must be considered harmless error where the instruction properly stated the law and was, at most, simply superfluous, and where there was ample evidence from which the jury could conclude that defendant's agent was negligent.

3. EVIDENCE—DAMAGES—STATISTICS—EARNING CAPACITY—EXPERT WITNESSES—CLOSEST AVAILABLE DATA.

   Admission of earning capacity statistics relating to the loss of limbs was proper in a tort action involving only the loss of a hand at the wrist joint where an expert labor economist testified on cross-examination by defendant's attorney that it was the closest available data that he had found; in light of the unavailability of other evidence the evidence was admissible and the weight was for the jury.

Appeal from Oakland, Clark J. Adams, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 42 Am Jur 2d, Infants §§ 80, 145.

[2] 53 Am Jur, Trial § 637.

[3] 22 Am Jur 2d, Damages §§ 90, 91.

mitted Division 2 March 13, 1973, at Lansing. (Docket No. 14280.) Decided June 27, 1973. Leave to appeal denied, 390 Mich 796.

Complaint by the Wayne-Oakland Bank as guardian of the estate of Andrew Frederick Ziegler against Adam's Rib, a partnership, for negligence. Judgment for plaintiff. Defendant appeals. Affirmed.

*Hartman, Beier, Howlett, McConnell & Googasian,* for plaintiff.

*Patterson & Patterson, Whitfield, Manikoff & White* (by *Robert G. Waddell),* for defendant.

Before: QUINN, P. J., and BRONSON and VAN VALKENBURG,* JJ.

BRONSON, J. In this civil action for negligence a Michigan partnership, Adam's Rib (hereinafter defendant), appeals as of right from an adverse jury verdict of $100,000. The verdict was entered in favor of the guardian of Andrew Ziegler (hereinafter plaintiff). Plaintiff is the minor son of Richard M. Ziegler, a general partner of the sued partnership.

Defendant raises seven questions for review. After due consideration, we find defendant's first contention to provide the pivotal point of our decisional analysis: Is a partnership entity liable for the negligence of a partner who is acting within the course of employment, where the partner so acting claims immunity by reason of parental relationship to the plaintiff?

Plaintiff, when 2-1/2 years old, was in the defendant's restaurant when he was injured by plac-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ing his hand in a cheesegrinder. As a consequence of this injury plaintiff's hand was amputated at the wrist joint. At the time of his injury plaintiff was in the care and supervision of his father, Mr. Ziegler. The restaurant was not yet open for the day and the two were alone in the defendant's business establishment. Plaintiff's injury occurred while Mr. Ziegler was preparing food for the coming day's business. There is no substantial dispute that plaintiff was injured while his father was acting in the course of his employment.

Whether a partnership entity has a right to raise a personal immunity claimed by an individual partner as a shield where the partnership is sued for the negligent act of that partner was, until *Mathews v Wosek,* 44 Mich App 706, 712–713; 205 NW2d 813, 816 (1973), a question of first impression in Michigan.[1] Assuming, without deciding, that plaintiff's father possessed parental immunity[2] we find the *Mathews* decision by Judge (now Justice) LEVIN persuasive.

In *Mathews* the principal question was whether a partnership entity was immunized from liability for a tort committed by a partner where the partner was personally immune from liability be-

[1] We are not unmindful of *Riser v Riser,* 240 Mich 402; 215 NW 290 (1927). *Riser* is cited by defendant for the proposition that "the necessity for an employee or agent to be liable before the employer or master can be liable remains unimpaired to this day". However, *Riser, supra,* did not concern a partnership which is a separate entity for litigation. *See* MCLA 600.2051; MSA 27A.2051, GCR 1963, 201.3(3), and the committee comments to this court rule.

[2] "A child may maintain a lawsuit against his parent for injuries suffered as a result of the alleged ordinary negligence of the parent. Like our sister states, however, we note two exceptions to this new rule of law: (1) where the alleged negligent act involves an exercise of reasonable parental authority over the child; and (2) where the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care." *Plumley v Klein,* 388 Mich 1, 8; 199 NW2d 169, 172–173 (1972).

cause he and the injured person were fellow ser-
vants. The Court in *Mathews,* after considering
the intent of the drafters of § 13[3] of the Uniform
Partnership Act, concluded § 13 was not intended
to immunize the partnership entity because of an
immunity held by one of the individual partners.
In *Mathews* Justice LEVIN reasoned:

"In many instances, including the one presently be-
fore us, the immunity arises out of a particular rela-
tionship between the litigants or some of them. Persons
frequently act concurrently in more than one 'role.
Where litigants have a dual relationship, one of which
is consistent with the imposition of liability, we see no
compelling reason to prefer the relationship which' bars
recovery."

We find the *Mathews* analysis controlling. The
jury concluded upon the evidence presented that
plaintiff was injured as a proximate result of the
negligence of defendant's agent. Mr. Ziegler was
acting within the course of his employment. Were
it not for plaintiff's familial relationship to defend-
ant's agent there would be no question of liability.
We see no compelling reason to reach a different
result here.

We turn now to the remaining issues in the
order raised by defendant. The question of paren-
tal immunity, as the concept relates to the facts of
this case, has been commendably briefed and ar-
gued in this Court. However, in view of our dispo-
sition above, it is unnecessary to consider at this
time either the rule or the exceptions enunciated

---

[3] "Sec. 13. Where, by any wrongful act or omission of any partner
acting in the ordinary course of the business or the partnership, or
with the authority of his copartners, loss or injury is caused to any
person, not being a partner in the partnership, or any penalty is
incurred, the partnership is liable therefor to the same extent as the
partner so acting or omitting to act." MCLA 449.13; MSA 20.13.

in *Plumley v Klein,* 388 Mich 1; 199 NW2d 169 (1972).

Defendant's claimed error concerning instructions on parental immunity and the status or duty of Mr. Ziegler as a parent are not applicable. We have already concluded the personal immunity of a parent, if established, is not a shield for the partnership entity.

Defendant claims the trial court's instruction upon the question of contributory negligence was error. At trial, defendant neither raised the issue of contributory fault nor requested an instruction on this issue. Defendant argues this instruction confused the jury and prejudiced the defendant by giving the impression defendant had raised a sham issue. The instruction properly stated Michigan law. At worst the instruction was simply superfluous. In light of the ample evidence from which the jury has concluded defendant's agent was negligent, the addition of the instruction must be considered harmless.

Defendant asserts there was insufficient evidence in the record concerning guards and safety devices for the cheesegrinder. However, the record demonstrates testimony that additional safety devices existed (caps or similar devices to put over the grinder opening) and that Mr. Ziegler knew of such devices. The jury could consider the *omission* of such known safety devices improper. Thus, the instruction claimed as error related to evidence properly admitted and was not clearly erroneous.

Finally defendant postulates that admission of earning capacity statistics relating to the loss of *limbs* was irrelevant where the plaintiff only lost a *hand* at the wrist joint. We agree that evidence of a loss of limb is not *exactly* comparable with the loss of a hand. However Mr. Henderson, an expert

labor economist, testified when cross-examined by the defendant's attorney that it was the closest available data that he had found. In light of the unavailability of other evidence we conclude that the evidence was admissible and that the weight was for the jury.

Affirmed. Costs to plaintiff.

All concurred.