[Civ. No. 2876. Third Appellate District.—January 22, 1925.]

## R. O. MacDONALD, Respondent, v. M. A. KUHN, Appellant.

[1] Partnership—Accounting—Termination of Relationship—Construction of Written Agreement.—In an action for a partnership accounting, the contention that on a specified date plaintiff and defendant executed a writing finally fixing and determining all matters in controversy between them as to partnership transactions theretofore had is without merit where the writing in question merely recited that the partnership agreement theretofore entered into was "terminated and at an end" and the rights of each of the partners under said agreement thereby "terminated," and further recited that it was "definitely understood and agreed that all mutual obligations" incurred by the partners "be paid off at the earliest possible date," but it made no reference to the amount of the indebtedness, and did not purport to settle and adjust the same, or apportion between the partners the respective amount which each should pay in order to liquidate the partnership indebtedness.

[2] Id.—Scope of Accounting—Appeal—Record.—Upon appeal from the judgment in such action, there is no merit in the contention that the trial court erred in that, "Although counsel for appellant made a motion to refer the case to the referee on all matters at issue the court refused to do so and specifically ordered the matter to go 'to the referee for a full accounting,'" where the record bearing the certificate of the clerk sets forth the proceeding in this language: "Counsel for appellant then moved the court for an order referring the matters at issue back to the referee . . . for a further and full account, . . . the court being fully advised doth order that the matter be referred to the referee for a full accounting, each party to produce all books, papers, checks, receipts, etc., necessary for the referee to make such account."

[3] Id.—Pleading — Amendment of Complaint. — Plaintiff's original complaint having been to recover from defendant one-half of the amount paid by plaintiff in satisfaction of a partnership debt,

and defendant by answer and cross-complaint having asked for
a full accounting of the entire partnership dealings of the parties,
the trial court did not commit error in permitting plaintiff to
file an amended complaint asking an accounting, the same as had
been asked for by defendant, and which accounting had been
made by a referee, and setting forth in such amended complaint
an additional sum as the amount due plaintiff from defendant to
correspond with the proof theretofore made.

[4] Id. — Scope of Accounting — Absence of Accounting Under
Original Agreement.—Plaintiff and defendant having originally
transacted business as partners under a written agreement, but
such written agreement having been terminated, and they having
continued in such partnership under an oral agreement, and no
accounting having been had of the partnership as it existed
under the written agreement, the only accounting which could
be had to settle all matters between plaintiff and defendant was
one which included all transactions had between them covering
the period of their partnership, under both the written and the
oral agreements.

---

(1) 30 Cyc., p. 701, n. 31.   (2) 30 Cyc., p. 746, n. 53.   (3) 31 Cyc.,
p. 407, n. 71.   (4) 30 Cyc., p. 689, n. 37.

APPEAL from a judgment of the Superior Court of
Tulare County. J. A. Allen, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. A. Chase for Appellant.

Russell & Heid for Respondent.

PLUMMER, J.—Action for an accounting. Plaintiff had
judgment and defendant appeals. On or about the nine-
teenth day of June, 1919, the plaintiff and defendant formed
a copartnership for the purpose of packing fruit and vege-
tables. This partnership was evidenced by a written agree-
ment, and the parties continued in such partnership, under
such agreement, until about the 20th of November, 1919, when
the written agreement hereinbefore referred to was terminated
by the execution of another written instrument. After this
date it appears that the parties continued to do business as
partners under an oral agreement. After the final dissolution
of the partnership, it appears that the plaintiff paid a certain

promissory note which had been executed by the partnership, and in his complaint alleged the payment of the whole of said note out of his own funds, and instituted this action in the first instance to recover from the defendant one-half thereof. Thereupon the defendant and appellant herein by answer and cross-complaint demanded an accounting of the entire partnership, the prayer of the complaint of appellant being that plaintiff be required "to bring all of the books of the copartnership and a full, complete and correct accounting be made of all the business of said copartnership," etc. An accounting was had, the matter was referred to a referee, testimony was taken, report and findings made by the referee, which report and findings were adopted by the trial court. By these findings the trial court ascertained and determined that there was due from the defendant to the plaintiff on account of said copartnership the sum of $853.54, and judgment was entered in favor of the plaintiff and against the defendant accordingly. The matter is before this court upon the judgment-roll alone, and it must, therefore, be assumed that the findings are supported by the evidence. After the testimony had all been taken the plaintiff was permitted by the trial court to file an amended complaint asking an accounting, the same as had been prayed for by the defendant, and which accounting had been made, and setting forth in said complaint an additional sum as the amount due the plaintiff from the defendant to correspond with the proofs.

[1] The first contention made by the appellant is that the referee and the court erred in not finding that the written agreement, dated November 20, 1919, executed by the parties hereto finally fixed and terminated all matters in controversy between the plaintiff and the defendant as to partnership transactions theretofore had. That this contention is without merit is apparent from a reading of the agreement itself. That agreement is as follows:

"Lindsay, Calif., Nov. 20, 1919.

"It is hereby agreed and understood that a certain operating agreement of June 19th, or thereabouts signed by the undersigned be hereby terminated and at an end, and the rights of each of the undersigned under the said agreement hereby terminate. It is definitely understood and agreed

that all mutual obligations incurred by the undersigned be paid off at the earliest possible date.

(Signed)   "M. A. Kuhn.

R. O. MacDonald."

This agreement makes no reference to the amount of the indebtedness, does not purport to settle and adjust the same, or apportion between the copartners the respective amount which each should pay in order to liquidate the partnership indebtedness.

[2] The next contention of the appellant is likewise without any merit. It is set forth as follows: "Although counsel for appellant made a motion to refer the case to the referee on all matters at issue the court refused to do so and specifically ordered the matter to go 'to the referee for a full accounting.'" This is the statement in appellant's brief. The record bearing the certificate of the clerk sets forth the proceeding in this language: "Counsel for appellant then moved the court for an order referring the matters at issue back to the referee, D. E. Perkins, Esq., for a further and full account, . . . the court being fully advised doth order that the matter be referred to the referee for a full accounting, each party to produce all books, papers, checks, receipts, etc., necessary for the referee to make such account." Further comment upon this objection seems unnecessary.

[3] It is further urged that the court erred in allowing the plaintiff to file an amended complaint. This objection seems to be based upon the fact that the amount appellant asks for judgment is in an increased sum. This court, in *Stohlman* v. *Martin,* 28 Cal. App. 338 [152 Pac. 319], has decided contrary to appellant's contention in this particular. (See, also, *Born* v. *Castle,* 22 Cal. App. 282 [134 Pac. 347].) The appellant, in his cross-complaint, asked for a full accounting. The plaintiff simply concurred therein and amended his pleadings, under the permission of the court, to correspond with the facts shown by such accounting. [4] We do not need to cite authorities to the effect that when a full accounting is ordered, it means an accounting of all the transactions had by the copartners. No accounting, as we have said, was had of the partnership as it existed under the written agreement, and, therefore, the only accounting that could be had to settle all matters between the plaintiff and the defendant was one which included all transactions

had between them covering the period of their partnership as it existed both under the written and oral agreements. There being no bill of exceptions and no statement presented in this case, the appeal must be determined by what is disclosed in the judgment-roll alone, and there being nothing of merit in appellant's contentions, and no reason having been suggested why the judgment of the trial court should not be affirmed, it is hereby ordered that the judgment of the trial court be and the same is hereby affirmed.

Hart, J., and Finch, P. J., concurred.