ELMER J. CODY, guardian of Thomas Dodds, a minor, appellee, v. J. A. DODDS & SONS, a partnership, appellant.

No. 50329.

(Reported in 110 N. W.2d 255)

August 15, 1961.

Rehearing Denied October 17, 1961.

Donnelly, Lynch, Lynch & Dallas, of Cedar Rapids, for appellant.

Alfred E. Hughes, of Dubuque, for appellee.

Snell, J.—This is an action at law for alleged negligence brought in behalf of an unemancipated minor child against a partnership as the sole defendant. The child's father was a partner in defendant-partnership at the time of the accident. The petition charges negligence on the part of two partners and two employees of the partnership. None of the individual partners is made a party to this action. The father of the unemancipated minor is one of the partners and is one of the four persons alleged to have been negligent.

Defendant-partnership moved for judgment on the pleadings on the grounds that an unemancipated minor child cannot bring an action for negligence against a partnership in which his father is a member.

The trial court overruled the motion, holding that the partnership entity was not immune from suit because of the relationship existing between the child and one of the partners. From this interlocutory ruling of the trial court, we granted this appeal. The question presented is the correctness of the trial court's ruling on this one proposition.

Defendant-appellant argues two points. First, that an un-

emancipated minor child cannot maintain an action against his parent to recover damages for negligence.

While there is respectable and substantial authority in other jurisdictions sustaining the position of appellant in this particular, we do not find that the question has been determined in Iowa. In view of our conclusion on the second proposition, we do not find it necessary to consider the proposition here and express no opinion thereon.

Assuming for the purpose of this case, but not deciding, that an unemancipated minor cannot maintain an action against his parent for negligence, the real and determinative issue is the second proposition urged by defendant that a partnership has no liability for negligent injury of an unemancipated minor child of one of the partners.

I.   68 C. J. S., Partnership, section 67, says: "There is a considerable conflict of authority as to whether or not a partnership is a legal entity separate and distinct from the individuals who compose it. In a large number of jurisdictions a partnership is not regarded as strictly a legal entity distinct from the individuals composing it and having an independent existence; or as a person, either natural or artificial; or as a being or legal being. In other jurisdictions a partnership is regarded as an entity separate and apart from its members * * *."

40 Am. Jur., Partnership, section 18, says: "There has been much discussion both by the courts and by text writers of the question whether a partnership has any legal entity distinct from the persons or members who comprise it, and considerable differences of opinion are reflected by the authorities. * * *."

State v. Haesemeyer, 248 Iowa 154, 162, 79 N.W.2d 755, 760, says: "There seems to be a growing tendency of courts to adopt the view which has long prevailed in Iowa that a partnership is a legal entity distinct from its members [citation]."

The law in Iowa is well settled. In Rubio Savings Bank of Brighton v. Acme Farm Products Co., 240 Iowa 547, 556, 37 N.W.2d 16, 21, 9 A. L. R.2d 459, it is said: "In Iowa a partnership is a legal entity." In Soursos v. Mason City, 230

Iowa 157, 158, 296 N.W. 807, 808, it is said: "In Iowa a partnership is a legal entity distinct from its members. This is too well settled to require discussion [citation]."

II. Under the Uniform Partnership Act, adopted in many jurisdictions but not in Iowa, the partnership is liable to the same extent as the partner for a tort committed by a partner in the ordinary course of business, and all partners are liable jointly and severally for such tort chargeable to the partnership. It should be noted that the cases from other jurisdictions relied upon by defendant-appellant generally arose in states where the Uniform Partnership Act has been adopted.

The case of Karalis v. Karalis, 213 Minn. 31, 4 N.W.2d 632, was an action brought against the partners individually and as copartners. The injury was caused by the plaintiff's husband driving a partnership truck, and under the Uniform Partnership Act, which is a part of the law of Minnesota, plaintiff could not recover.

The case of Belleson v. Skilbeck, 185 Minn. 537, 242 N.W. 1, was an action in behalf of a child who was injured while riding with the father. The case holds that the Uniform Act makes the liability of a partner no greater and no less than the liability of the one causing the injury.

The case of Caplan v. Caplan, 268 N. Y. 445, 198 N.E. 23, 101 A. L. R. 1223, says that a partnership is not a separate entity. This case was also under the Uniform Act.

The case of David v. David, 161 Md. 532, 157 A. 755, 81 A. L. R. 1100, also decided under the Uniform Act, says that the status of a partnership as an independent entity is limited and incomplete.

The case of Aboussie v. Aboussie, Tex. Civ. App., 270 S.W.2d 636, 639, was in a jurisdiction that does not recognize a partnership as a distinct entity. In a well-reasoned opinion the court analyzed and approved the rule that ordinary negligence or the doing of an unintentional wrong cannot be the basis for an action by an unemancipated minor against a parent. The court then rejected the contention that the suit could be brought in the nature of a business-customer relationship, saying:

"A partnership is not a legal entity. The law recognizes no

personality in a partnership other than that of the partners who compose it. [Citations]

"The minor unemancipated child is suing her father. Even though he is in partnership with his brother and sister, the suit is necessarily against him as an individual. * * *."

The premise upon which this conclusion was based is not the law of Iowa.

III. Rule 4, Rules of Civil Procedure, provides as follows: "Partnerships. Actions may be brought by or against partnerships as such; or against any or all partners with or without joining the firm. Judgment against a partnership may be enforced against partnership property and that of any partner served or appearing in the suit. A new action will lie on the original cause against any partner not so served or appearing. The court may order absent partners brought in."

In Iowa a plaintiff seeking judgment against a partnership and the individual members thereof jointly and severally must take appropriate action to that end. If an individual partner is not made a party defendant by an appropriate service of notice and does not appear in the suit, a judgment against the partnership is not enforceable against an individual partner. The case of Lansing v. Bever Land Co., 158 Iowa 693, 138 N.W. 833, holds that a partnership is a distinct entity, and a judgment against it is not a judgment against the individual members of the firm.

The case of Jensen v. Wiersma, 185 Iowa 551, 552, 170 N.W. 780, 4 A. L. R. 298, arose as a result of an execution levied against property belonging to a partnership and used in the leasing and operation of a farm. The court said: "The principal question for decision is whether a partner who is a resident head of a family may claim his interest in personal property, owned by a partnership, exempt from levy and sale under execution to satisfy partnership debts. While the courts are not entirely harmonious upon the question, the great weight of authority holds that such property is not exempt. A partnership is a separate and distinct entity, and holds the partnership property in trust for the payment of its debts. The property does not belong separately to the individual partners, but to

the distinct entity. After the payment of the debts of the co-partnership, and division of the property between the parties, the right to claim the statutory exemption exists. The question whether a member of a partnership is entitled to hold his interest in the property thereof as exempt has not been squarely passed upon in this state, but enough has been said to indicate that he cannot [citations]."

In ruling on the defendant's motion for judgment on the pleadings, the trial court said: "* * * A partnership in this state is a legal entity and in the case at bar, any judgment recovered by the plaintiff can be enforced only against the partnership property unless a new action is prosecuted on the original cause against one or the other of the partners. While the individual partners may be held to answer for the debts of the partnership due process requires that they be brought into court pursuant to R. C. P. No. 4."

██ ██ The trial court was correct. Under our law where a partnership is a distinct legal entity separate and distinct from the partners, and where a judgment against a partnership is not enforceable as such without due process against the partners, and where a partner may not claim his interest in partnership personal property exempt from levy and sale under execution to satisfy partnership debts, and where, as in the case at bar, there is no attempt to join the individual partners as party defendants and no process has issued against them, it necessarily follows that the partnership as such is not immune from liability simply because the father of the plaintiff was a member of the partnership at the time of the claimed tort.

The decision of the trial court is—Affirmed.

All JUSTICES concur.