Victor GIBSON, Appellee,

v.

Gerald DEUTH, Appellant.

No. 56078.

Supreme Court of Iowa.

Aug. 28, 1974.

Upton B. Kepford, Waterloo, for appellant.

William C. Ball and John M. Warren, Waterloo, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON and HARRIS, JJ.

RAWLINGS, Justice.

Defendant Gerald Deuth appeals from judgment for plaintiff Victor Gibson in equity action for partnership accounting. We affirm in part, reverse in part.

In June 1956, Deuth and Gibson, registered architects, entered into a partnership by oral agreement under which each was to share equally in profits and losses.

November 1, 1966, Gibson withdrew from the venture. Subsequently the parties hereto unsuccessfully endeavored to negotiate a settlement of their affairs. The impasse apparently stemmed from (1) defendant's retention of plans and drawings since plaintiff wanted one-half of them, and (2) fees earned as of the dissolution date on three executory contract projects, i.e., Trinity Lutheran, Grace Lutheran and Hoover Junior High.

April 8, 1968, defendant Deuth forwarded to plaintiff Gibson a letter with what is termed a "Recapitulation of Receipts and Disbursements to October 31, 1966". Also submitted was a check for $6,642.23 payable to Gibson.

In material part the letter states: "When you cash the enclosed check, it constitutes a full and final settlement of the partnership. Incidentally, the legal fees in connection with this partnership settlement, as well as work on bookkeeping and tax returns for the past ten years is a partnership expense."

On the face of the check, lower left corner, appears this typed notation: "Final Partnership Settlement $6,242.23" and under that "Equipment and Supplies $400.00".

Upon receipt of the aforesaid instrument Gibson wrote, beneath the above statement: "Not final payment". He then endorsed and cashed the check.

December 18, 1969, plaintiff commenced this action, thereby seeking an accounting by defendant and judgment for $8,100.24, claimed balance of profits due.

In course of trial plaintiff was asked whether, in his mind, the aforesaid letter and check received by him constituted a full and agreeable settlement. Defendant thereupon voiced a standing objection to

this and other like interrogation because it is irrelevant and immaterial; a settlement has been made; the check constitutes a receipt in full, thus the matter is res judicata; and it is an attempt to vary by parol evidence the terms of a written instrument which speaks for itself. Upon the overruling of that objection plaintiff stated, in his mind there had been no full and final settlement.

Other testimony adduced is to the effect the check noted above had been drawn on the partnership account over which defendant and his wife had complete control. The aforesaid executory contract projects were still in progress when the partnership was dissolved and disagreement centered upon completion percentage of each such undertaking. The only assets remaining to be divided on April 8, 1968, were (1) money in the Federal Discount Corporation, (2) the checking account, and (3) equity in the three executory contracts.

December 23, 1971, or three days after the case had been submitted, defendant moved for dismissal. He thereby supportively asserted the evidence establishes a settlement devoid of fraud or mistake; the only dispute focuses upon three executory contracts fulfilled by the liquidating defendant; and no evidence has been adduced in trial showing either an attendant profit or loss.

At the same time defendant alternatively moved to open the case for presentation of further evidence disclosing two of the three controversial projects had been completed by defendant at a loss for which he was entitled to proportionate recovery from plaintiff.

Both of the above mentioned motions were summarily overruled.

January 26, 1972, a final adjudication was entered. Trial court thereby held, in essence: (1) the law of accord and satisfaction is inapplicable to partnerships; (2) the partnership was terminable at plaintiff's election and upon dissolution he is entitled to an accounting; and (3) plaintiff sustained the burden of proving his case by a preponderance of the evidence.

From judgment awarding plaintiff $4,477.12, this appeal is taken.

In support of a reversal defendant asserts trial court erred in (1) holding the cashing of the submitted check by plaintiff did not constitute an accord and satisfaction; (2) overruling defendant's motion to dismiss; (3) overruling defendant's motion to reopen the case; and (4) entering judgment for plaintiff absent a complete accounting.

■ I. Since this case stands in equity our review is de novo. See Engel v. Vernon, 215 N.W.2d 506, 512 (Iowa 1974); Iowa R.Civ.P. 334.

We accord weight to trial court's findings but are not bound by them. See Lamp v. Lempfert, 259 Iowa 902, 907, 146 N.W.2d 241 (1966); Iowa R.Civ.P. 344 (f)(7).

II. First entertained is defendant's claim to the effect plaintiff's acceptance of the aforesaid conditional check constituted a binding accord and satisfaction.

At the outset it is understood the partnership was terminated November 1, 1966, by Gibson's voluntary withdrawal. See Owen v. Wilden Hospital, Inc., 245 Iowa 382, 389, 62 N.W.2d 186 (1954).

The crucial problem to be initially resolved is whether, under existing circumstances, the well established principle of accord and satisfaction is applicable.

■ To constitute an accord and satisfaction, where there is a bona fide dispute, it is necessary the money should be offered in satisfaction of the claim, and the offer accompanied with such acts and declarations as amount to the condition that, if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he does so subject to such conditions. A party to whom an

offer is thus made has no alternative but to refuse or accept it upon such conditions, and if he takes it his claim is canceled. In other words, if the offer is accepted by the offeree his claim is canceled and no protest, declaration or denial on his part, so long as the condition is insisted on, can vary the result. See Mayrath Company v. Helgeson, 258 Iowa 543, 547, 139 N.W.2d 303 (1966); Olson v. Wilson & Co., 244 Iowa 895, 899–904, 58 N.W.2d 381 (1953), and citations. See generally 1 Am.Jur.2d, Accord and Satisfaction, §§ 1–27; 1 C.J.S. Accord and Satisfaction §§ 1–8, 32–34.

III. But plaintiff postulates there could be no accord and satisfaction as to a final settlement of the instantly involved partnership affairs.

At the outset this court stated in Joseph v. Mangos, 192 Iowa 729, 732, 185 N.W. 464, 465 (1921):

> "A partnership involves fiduciary relations, and no partner may deceive his copartners for his benefit and their injury by false representations or concealments, and this obligation of partners to exercise the utmost good faith toward one another applies not only during the life of the partnership, but extends to their settlements and transactions from the inception of the partnership to its dissolution, as well as for the purchase or sale of a partner's share in the business. (Authorities cited)."

See also Greenberg v. Alter Company, 255 Iowa 899, 902, 124 N.W.2d 438 (1963); Blake v. Huffman, 248 Iowa 938, 946, 83 N.W.2d 460 (1957); 60 Am.Jur.2d, Partnership, §§ 129, 198, 267; 68 C.J.S. Partnership §§ 330, 355, 363, 400.

Furthermore, we said in Kellogg v. Iowa State Trav. Men's Assn., 239 Iowa 196, 213–214, 29 N.W.2d 559, 568 (1947):

> "It is a generally accepted principle of law that when a debtor owes a fixed, certain, due, sum of money, commonly called a liquidated debt, the offer of a less sum to the creditor, with a statement or notice that it is in full payment of the obligation, and its acceptance and retention by the creditor do not bar him from collecting the balance of the debt, in the absence of any new or additional consideration. The reason being that the debtor is already under legal obligation to pay the full amount, and there is no consideration for a release or waiver by the creditor of the unpaid part of the debt. Where the debtor merely does what he is already bound to do, or that which the creditor was already entitled to, there is no consideration to support an accord and satisfaction. The reason back of the rule is that there is no benefit to the creditor, or detriment to the debtor, and the transaction is not a contract, with respect to the unpaid portion of the debt."

To the same effect is this apt headnote in 1 C.J.S. Accord and Satisfaction § 17: "An accord and satisfaction may be effected by paying money, doing an act, or giving a promise, provided the thing paid, done, or given is not something to which the creditor was already entitled."

Also, as observed in 1 Am.Jur.2d, Accord and Satisfaction, § 26:

> "In view of the general rule that an accord and satisfaction may not result from the part payment of a liquidated or undisputed claim but that it may result from the part payment of an unliquidated or disputed claim, it is important to determined when a claim is considered to be liquidated and undisputed and when it is unliquidated and disputed. This generally is a question of fact. Usually the term 'liquidated', when used in this connection, has reference to a claim and the amount thereof, which the debtor does not, in good faith, dispute. Liquidated means made certain as to what and how much is due, and *a liquidated claim is one which can be determined with exactness from the agreement between the parties, or by arithmetical process, or by in the application of definite rules of law."* (Emphasis supplied).

In the case at bar it is evident the amount owing to plaintiff stood as a liquidated debt because ascertainable by the partnership agreement, upon a mathematical basis, under applicable rules of accounting. In fact, the action here commenced by plaintiff is for an accounting and settlement of partnership affairs. See 1 Am. Jur.2d, Accounts and Accounting, §§ 44–45; 1 C.J.S. Accounting § 32.

We are satisfied defendant Deuth was no mere debtor, paying his own money which could have been ordinarily retained or disbursed at his pleasure. Rather, he was a fiduciary and as such accountable for money belonging equally to him and plaintiff Gibson. See Hudson v. Yonkers Fruit Co., 258 N.Y. 168, 179 N.E. 373, 374–375 (1932); cf. Mayrath Company v. Helgeson, 258 Iowa at 553, 139 N.W.2d at 309.

Additionally, defendant here merely tendered money to which plaintiff was already entitled.

Under existing circumstances the acceptance by plaintiff of defendant's attempted conditional remittance of a share of partnership funds to which plaintiff was and is entitled did not constitute an accord and satisfaction.

Defendant argues, however, money tendered via the check sent by him to plaintiff did not belong to the latter but was partnership property and a partnership is recognized as a distinct legal entity. Supportively cited in Cody v. J. A. Dodds & Sons, 252 Iowa 1394, 110 N.W.2d 255 (1961).

■ This is admittedly the general rule regarding liability of the entity to third persons. It still remains, however, with regard to liability among themselves partners deal with each other as individuals. See Wallner v. Schmitz, 239 Minn. 93, 57 N.W.2d 821, 824 (1953).

■ It therefore follows trial court correctly held the principle of accord and satisfaction is instantly inapplicable.

Consequently, defendant's first assignment is without merit.

IV. It is next contended trial court erroneously overruled defendant's motion to dismiss.

As best we can determine defendant thereby urged it was plaintiff's obligation to show all profits and losses attendant upon performance of the aforesaid three executory contracts.

Ordinarily, in an action for accounting, the plaintiff must prove something is due him by defendant before plaintiff is entitled to an accounting. See Warren County v. Elmore, 250 Iowa 348, 353, 93 N.W.2d 756 (1958).

■ But when funds belonging to a withdrawing partner have been traced to a liquidating partner it becomes the latter's duty to account for same. Cf. Warren County v. Elmore, 250 Iowa at 354, 93 N. W.2d at 760.

In the case at bar no tracing of funds, in the classic sense, was required.

■ Submission of the check on April 8, 1968, and attendant letter by defendant to plaintiff clearly established something was owing by the former to the latter.

It was therefore defendant's duty to make a full and fair accounting.

Trial court did not err in overruling the motion to dismiss.

V. As heretofore disclosed, when defendant submitted the dismissal motion he also moved the case be reopened for taking of further evidence.

In so doing defendant urged a full accounting had not been made because losses attendant upon performance of the executory contracts had not been disclosed.

More specifically, defendant contends there could be no complete and fair accounting absent a showing of all losses as well as profits.

Defendant concedes the determination as to whether a case is to be reopened for introduction of additional evidence is ordinarily a matter of resting in trial court's sound discretion. See Crane v. Cedar Rapids and Iowa City Railway Co., 160 N. W.2d 838, 846 (Iowa 1968), and citations.

But the facts and circumstances here involved take this case out of the ordinary situation.

Had defendant moved to reopen for proof of previously unknown or inadvertently undisclosed relevant partnership profits the motion would undoubtedly have been sustained.

By the same token a just decision necessitates full disclosure of losses related to the aforesaid three executory contracts.

This is essentially a matter of fairness. Confining ourselves to the situation here presented we cannot say trial court's denial of defendant's reopening motion was equitable. See Wolf v. Murrane, 199 N.W.2d 90, 101 (Iowa 1972); cf. Thornberry v. State Board of Regents, 186 N.W.2d 154, 160–161 (Iowa 1971), and citations.

In other words, defendant should have been accorded opportunity, as a part of his accounting, to present further evidence confined to the showing of relevant losses and expenses, if any, not previously shown which attended the instantly involved contracts. This is deemed essential to a full accounting and to a just decision. See generally Engel v. Vernon, 215 N.W. 2d at 514–515; Wolf v. Murrane, 199 N. W.2d at 98–101; Roth v. Boies, 139 Iowa 253, 270–273, 115 N.W. 930 (1908); MacDonald v. Kuhn, 70 Cal.App. 691, 234 P. 118, 119–120 (1925); 60 Am.Jur.2d, Partnership, §§ 208–211, 218, 230–233; 68 C.J.S. Partnership §§ 385, 389, 394–395; Annot., 55 A.L.R.2d 1391.

For reasons last above set forth this case must be reversed and remanded for further proceedings in conformity herewith.

Affirmed in part, reversed in part and remanded for further proceedings.