Rial CARLSON and Rhada
Carlson, Appellants,

v.

Greg CARLSON, Appellee.

No. 83–687.

Supreme Court of Iowa.

April 11, 1984.

M. Gene Blackburn of Blackburn, Stockdale & Brownlee, P.C., Fort Dodge, for appellants.

Claire F. Carlson and Greg Knoploh of Kersten, Opheim, Carlson & Trevino, Fort Dodge, for appellee.

Considered by HARRIS, P.J., and McCORMICK, McGIVERIN, SCHULTZ and WOLLE, JJ.

McGIVERIN, Justice.

Is a member of a partnership an employer of the partnership's employees? If a partner is an employer, then the rights of an injured employee and his dependents against the partner are limited by statute to workers' compensation. The trial court concluded a partner is an employer and in substance dismissed the independent action for damages of plaintiff employee and his wife against defendant partner. We agree and therefore affirm.

Rial Carlson was injured on September 30, 1981, while working on a farm combine with defendant Greg Carlson. At the time of the injury, Rial was an employee of a farm partnership whose members were the defendant and Richard Carlson. Rial was injured in the course of his employment for the partnership and has received medical and weekly workers' compensation benefits from the partnership's insurance carrier.

In the present action, Rial filed a petition for damages against defendant Greg Carlson as an individual alleging that Greg's negligence in turning a switch which started the combine caused an injury to his hand. The petition also contained a division asserting a loss of consortium claim for Rhada Carlson, the wife of Rial.

Defendant's answer alleged: (1) that Rial was an employee of the partnership of which defendant was a member; (2) that as an employee of the partnership he had received and accepted workers' compensation benefits under the Iowa Workers' Compensation Act, Iowa Code ch. 85; and (3) that both plaintiffs were precluded, under Iowa Code section 85.20 and other applicable statutes, from bringing an action for negligence against an individual member of the partnership.

Thereafter, defendant filed a motion for summary judgment, Iowa R.Civ.P. 237, which essentially realleged the affirmative defenses of the answer. The motion was supported by documents showing payments under the Workers' Compensation Act to Rial due to the injury and an affidavit supporting the other factual statements made above. In substance, the motion con-

tended that workers' compensation was the plaintiffs' exclusive remedy against defendant.

Plaintiffs' resistance to defendant's motion for summary judgment pointed out that this was an action against defendant as the tortfeasor in his individual capacity and was not an action against the partnership.

The trial court sustained defendant's motion on the basis that the members of the partnership in this situation must be considered the employers of the partnership's employees and, therefore, workers' compensation provided plaintiffs' exclusive remedy.

Plaintiffs appealed.

Plaintiffs do not contend that any genuine issue of fact exists under rule 237(c) as to the facts which formed the basis of the court's ruling.

The legal question then that we must consider is whether workers' compensation provides the exclusive remedy to plaintiffs for Rial's injuries sustained during the course of his employment as a result of defendant's alleged negligence.

Iowa's workers' compensation statute, Iowa Code chapter 85, provides for the exclusive rights and remedies of an employee, injured during the course of employment, and his dependents or next of kin against his or her employer. Iowa Code § 85.20. Thus, if defendant, as a partner in a partnership that employed plaintiff Rial Carlson, is considered to be an "employer," then plaintiffs are not entitled to relief outside of the workers' compensation statute and thus would be precluded from bringing an independent cause of action against defendant.

The vast majority of courts that have addressed this issue, whether a partner is an employer and thus immune from suit, have answered in the affirmative. See *Bertrand v. Forest Oil Corp.*, 441 F.2d 809 (5th Cir.), *cert. denied,* 404 U.S. 863, 92 S.Ct. 106, 30 L.Ed.2d 107 (1971); *Sonberg v. Bergere,* 220 Cal.App.2d 681, 34 Cal. Rptr. 59 (1963); *Brown v. South Broward*

*Hospital Dist.,* 402 So.2d 58 (Fla.App.1981); *Lyon v. Barrett,* 89 N.J. 294, 445 A.2d 1153 (1982); *Parker v. Zanghi,* 45 N.J.Super. 167, 131 A.2d 802 (1957); *Mazzuchelli v. Silberberg,* 29 N.J. 15, 148 A.2d 8 (1959); *Williams v. Hartshorn,* 296 N.Y. 49, 69 N.E.2d 557 (1946); *Greenya v. Gordon,* 389 Pa. 499, 133 A.2d 595 (1957); *Daniels v. Roumillat,* 264 S.C. 497, 216 S.E.2d 174 (1975); *Candler v. Hardware Dealers Mut. Ins. Co.,* 57 Wis.2d 85, 203 N.W.2d 659 (1973). *Contra Monson v. Arcand,* 239 Minn. 336, 58 N.W.2d 753 (1953). In each of these cases, a member of a partnership was sued in common law tort by an employee of the partnership who was eligible for or had received workers' compensation. In each majority view case, the court held the partner was an employer and was thus immune from the independent tort suit.

In addition, the recognized treatise in this field of law notes that, "[A] member of a partnership, even if he is a 'working partner,' is still in law the employer of employees of the partnership and cannot be sued." 2A Larson, *Workmen's Compensation Law,* § 72.15 (1982).

Plaintiffs argue, relying on *Cody v. J.A. Dodds & Sons,* 252 Iowa 1394, 110 N.W.2d 255 (1961), that a partnership is an "entity" in itself rather than an "aggregate" of its members and that the partnership as a separate "entity" can be the only "employer." However, subsequent to this court's decision in *Cody,* Iowa adopted and codified the Uniform Partnership Act (UPA) at Iowa Code chapter 544. 1971 Iowa Acts, ch. 251.

The UPA defines a "partnership" as "an association of two or more persons to carry on as co-owners a business for profit." Iowa Code section 544.6(1). The UPA, therefore, does not ordinarily consider a partnership to be a separate entity but rather as an association of persons who are viewed as co-owners. It rejects the "entity" theory postulated by plaintiffs in matters dealing with substantive rights, liabilities and duties. *See* Iowa Code § 544.15 (partners are jointly and severally liable for the partnership's debts); Iowa Code section 544.18(5) (partners have equal rights in the

management and conduct of the partnership business). The only remaining vestige of the "entity" theory of partnership in the UPA is in regard to procedural and conveyancing purposes. *See* Iowa Code § 544.10 (partnership's conveyance of real property); Iowa R.Civ.P. 4. (Actions may be brought by or against a partnership or against any or all of its members). *See also Mazzuchelli v. Silberberg,* 29 N.J. at 19–21, 148 A.2d at 10–11; *Candler v. Hardware Dealers Mutual Ins. Co.,* 57 Wis.2d at 87–88, 203 N.W.2d at 660; Lewis, *The Uniform Partnership Act,* 29 Harvard L.Rev. 158, 291 (1915); 68 C.J.S. *Partnership,* § 67 (1950) ("The Uniform Partnership Act does not make a legal partnership an independent juristic entity, and whatever recognition is given therein to the entity theory is solely for procedural or conveyancing purposes.").

The UPA provides: "This chapter shall be so interpreted and construed as to effect its general purpose to make uniform the law of those states which enact it." Iowa Code § 544.4(4). We note the UPA has been adopted by all of the states, except Georgia and Louisiana, along with the District of Columbia and the Virgin Islands. Am.Jur.2d Desk Book, item no. 124 (Supp. 1983); Uniform Partnership Act, 6 U.L.A. 1 (Supp.1982).

In recognition of the majority rule on this issue and the legislature's intent to maintain uniformity in the law of partnerships, we conclude that a member of a partnership is an employer of the partnership's employees. Accordingly, Iowa Code section 85.20 precludes an injured employee and his dependents from suing a partner in an independent tort action for his injuries received during the course of his employment for the partnership.

The trial court was correct in sustaining defendant's motion for summary judgment. The case is affirmed.

AFFIRMED.