[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Defendant's Motion to Dismiss
On December 21, 1994, the plaintiffs, three partnerships, Johnnycake Mountain Associates ("J.M.A."), H.M.P. Associates and H.C.D. partners filed this three count complaint against the defendant, Warren Holby, a partner in the partnerships. The plaintiffs allege the following. The plaintiffs are Connecticut partnerships which own real estate referred to as "Johnnycake Mountain Farm," which has been developed in phases as a residential subdivision. The partners in each of the plaintiffs' partnerships were comprised of Dorothea M. Pivar John C. Merritt, Dwight C. Harris and the defendant Warren Holby.
In the first count, the plaintiffs allege that on June 28, 1994, the defendant acquired a mortgage made on October 6, 1987 secured by the assets of the partnerships. This mortgage was first assigned to Lehman Capital Corp, then assigned to Ali Asset Inc., and then further assigned to the defendant. The defendant acquired the mortgage interest in breach of his fiduciary duty to the other partners and to the plaintiffs' partnerships. Plaintiffs claim that the acquisition of the mortgage constitutes a partnership opportunity and resulted in substantial damages to the plaintiffs' partnerships.
In the second count, the plaintiffs allege that the partnerships were negotiating acquisition of the mortgage and that the acquisition of the mortgage by the defendant constitutes a breach of the implied covenant of good faith and fair dealing in regard to the obligations and duties of the defendant to the partnerships.
In the third count, the plaintiffs allege that the defendant "surreptitiously" negotiated the acquisition of the mortgage without the knowledge or participation or consent of the plaintiffs' partnerships and further utilized the agents and employees who were previously acting on behalf of the partnerships in the negotiations all in the breach of the fiduciary duties owed by the defendant to the partnerships. CT Page 8244 The plaintiffs further claim that the above activities violated General Statutes § 42-110a et seq., (CUTPA).
On March 2, 1995, the defendant filed this motion to dismiss the plaintiffs' complaint on the ground of lack of jurisdiction over the subject matter due to the plaintiffs' lack of standing.
 I
A motion to dismiss may be used to assert lack of standing. Cassatto v. Winchester Board of Education,3 Conn. L. Rptr. 136 (January 15, 1991, McDonald, J.), AlarmApplications, Inc. v. Simsbury Volunteer Fire Co., Inc.,1279 Conn. 541, 545-46, 427 A.2d 822 (1980); Christ-Janer v. A.F.Conte Co., 8 Conn. App. 83, 90, 511 A.2d 1017 (1986).
 II
In support of his motion to dismiss, the defendant argues first that the partnerships have no standing to bring the claims asserted and therefore, the court lacks subject matter jurisdiction, and secondly that the partnerships are not legal entities separate from their partners, and therefore, may not sue their constituent partners.
Plaintiffs argue that they have standing to assert their claims and that the partnerships are recognized as separate legal entities distinct from their member partners for the purposes of suing for breach of the fiduciary duty of a partner to the firm.
The Uniform Partnership Act (UPA) general statutes §§ 34-39
through 34-81 commingles the entity theory, which regards a partnership as an independent legal entity with the aggregation theory, which holds that a partnership has no such independent status. Fidelity Trust Co. v. BVD Associate,196 Conn. 270, 273, 492 A.2d 180 (1985). The aggregate theory of partnership is rooted in the notion that "members of a partnership could not sue the partnership on the theory that they were in effect suing themselves." Hartford Accident andIndemnity Company v. Sena, 42 Conn. Sup. 336, 343 (1992, Flynn, J.). The plaintiffs seek to extrapolate from the UPA's partial adoption of the entity theory the conclusion that a partnership is a distinct legal' entity for the purposes CT Page 8245 relevant here.
Our Supreme Court in Fidelity Trust Co. v. BVDAssociates, supra held that partnerships are aggregates, having no separate existence from their partners, except under limited circumstances. Id., 273. It has been observed that "the entity theory serves only procedural or conveyancing purposes, facilitating transfers of property, and marshalling assets . . . ." 59A Am.Jur.2d, Partnership § 7 (1987). InFidelity, supra the court pointed out that General Statutes § 34-46(3) authorizes the acquisition of real estate in the partnership name, suggesting that a partnership may only be deemed a separate legal entity for purposes of conveying real estate and for purposes of holding title. Decisions in other states have limited the separate legal entity theory in the same way Sonberg v. Bergere, 209 Cal.App.2d 681, 682,34 Cal.Rptr. 59, 60 (1963); Carlson v. Carlson, 346 N.W.2d 525, 526-27
(Iowa 1984); Candler v. Hardware Dealers Mut. Ins. Co.,203 N.W.2d 659, 660 (Wis. 1973); Wisconsin Department ofRevenue v. John P. Mark, 483 N.W.2d 302 (Wis. 1992). In Evansv. Galardi, 16 Cal.3d 300, 128 Cal.Rptr. 25, 546 P.2d 313
(1976) limited partnership was to be deemed an entity so as to preclude a judgment creditor of one of the limited partners from executing on partnership property;
 III
It appears that in most jurisdictions that the aggregation theory controls in matters relating to the substantive liabilities and duties of the partners. 59A Am.Jur.2d, Partnership § 7 (1987); See Swiezynski v. Civiello,489 A.2d 634 (N.H. 1985); Carlson v. Carlson, supra, 346 N.W.2d 526. Our Connecticut statute defines a partnership as "an association of two or more person to carry on as co-owners
a business for profit." (Emphasis added.) General Statutes §§ 34-44. "`To state that partners are co-owners of a business is to state that they each have the power of ultimate
control.'" (Emphasis in original.) Swiezynski v. Civiello,
supra 489 A.2d 638, quoting Uniform Partnership Act § 6, comment (1), 6 U.L.A. 23 (1969). "In short, `[t]he Uniform Partnership Act does not make a legal partnership an independent juristic entity, and whatever recognition is given therein to the entity theory is solely for procedural or conveyancing purposes.'" 68 C.J.S. 498 Partnerships § 67 (1955). CT Page 8246
In the present case, the plaintiffs claim that the defendant converted a partnership opportunity, breached the implied covenant of good faith and fair dealing and violated CUTPA due to his breach of fiduciary duties. Connecticut decisions, as well as the majority of other state courts have held that the entity theory serves only procedural or conveyancing purposes and have refused to extend the entity theory of partnership to substantive liabilities and duties of the partners.
Although a partnership may be viewed as a separate entity under certain limited circumstances, for the purpose of suing its partners individually, those circumstances are not present in this case. Here, the action against the partner is one for breach of fiduciary duty and the surrounding specific claims are substantive rather than procedural. Since the aggregate theory of partnership law is applicable, the plaintiff partnerships have no legal or equitable controversy because the partnership and the partners are viewed as a unity. The action is, in effect, a suit by a party against itself. Since the partnerships are not the proper parties to seek adjudication of the issues to be resolved in this action, they lack standing to sue and consequently this Court has no subject matter jurisdiction.
In view of this conclusion, it is not necessary to consider the alternative grounds urged by the Defendant.
Defendant's Motion to Dismiss granted.
Wagner, J.